Form 3015-9 Last Revised 12/01/2009

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   **Clarence Thomas Jefferson Jr.**          Case No:
**Barbara Ann Jefferson**

This plan, dated _____ **December 10, 2010** _____ , is:

[ X ] the *first* Chapter 13 plan filed in this case.

[   ] a modified Plan that replaces the:

      ☐ confirmed or ☐ unconfirmed Plan dated _____

Date and Time of <u>Modified Plan</u> Confirmation Hearing:

Place of <u>Modified Plan</u> Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:


**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

| | | | |
|---|---|---|---|
| Total Assets: | $ | 284,835.00 | |
| Total Non-Priority Unsecured Debt: | $ | 107,065.00 | Class A: $52,784.00 |
| Total Priority Debt: | $ | 2.00 | Class B: $54,281.00 |
| Total Secured Debt: | $ | 218,665.00 | |

1. **Funding of Plan**. The debtor(s) propose to pay the Trustee the sum of __$491.00__ per __biweekly__ for __60__ months. Other payments to the Trustee are as follows: _____ . The total amount to be paid into the Plan is __$63,830.00__ .

2. **Priority Creditors**. The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    **A.** **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
    2. Debtor(s)' attorney will be paid __$2,500.00__ balance due of the total fee of __$2,500.00__ concurrently with or prior to the payments to remaining creditors.

    **B.** **Claims under 11 U.S.C. § 507.**

    The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| IRS | 2009 Federal Income Tax | $1.00 | pro rata |
| VA Dept of Taxation | 2009 State Income Tax | $1.00 | pro rata |
|  |  |  |  |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    **A.** **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. §1322 (b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan. The following secured claims are to be "crammed down" to the following values:**

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| Schewels Furniture | 1 Bedroom Suite, 1 Sofa | 6/22/2009 | $421.00 | $200.00 |
| Schewels Furniture | 1 Mattress | 6/23/2009 | $314.00 | $150.00 |
| Schewels Furniture | 1 Sofa | 11/22/2008 | $35.00 | $50.00 |

B.    **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled will be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|---|
| Citifinancial | SEE 11C | 121 Maple Lawn Place | $164,700.00 | $53,724.00 |
| Lifton Loan Servicing | SEE 11C | 121 Maple Lawn Place | $164,700.00 | $95,640.00 |
| Westgate Resort | SEE 11C | Timeshare | $4,000.00 | $3,000.00 |

C.    **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Schewels Furniture | 1 Bedroom Suite, 1 Sofa | See Section 3(D) of this plan. The monthly payments provided for in Section 3(D) of this plan shall be the Adequate Protection payments required by 11 USC 1326(a). | Chapter 13 Trustee |
| Schewels Furniture | 1 Mattress | See Section 3(D) of this plan. The monthly payments provided for in Section 3(D) of this plan shall be the Adequate Protection payments required by 11 USC 1326(a). | Chapter 13 Trustee |
| Schewels Furniture | 1 Sofa | See Section 3(D) of this plan. The monthly payments provided for in Section 3(D) of this plan shall be the Adequate Protection payments required by 11 USC 1326(a). | Chapter 13 Trustee |
| Roanoke Postal Employee Federal Credit Union | 2004 Cadillac, 2007 Chevrolet Aveo, 2008 BMW | See Section 3(D) of this plan. The monthly payments provided for in Section 3(D) of this plan shall be the Adequate Protection payments required by 11 USC 1326(a). | Chapter 13 Trustee |
| Roanoke Postal Employee Federal Credit Union | 2004 Cadillac, 2007 Chevrolet Aveo, 2008 BMW | See Section 3(D) of this plan. The monthly payments provided for in Section 3(D) of this plan shall be the Adequate Protection payments required by 11 USC 1326(a). | Chapter 13 Trustee |
| Roanoke Postal Employee Federal Credit Union | 2004 Cadillac, 2007 Chevrolet Aveo, 2008 BMW | See Section 3(D) of this plan. The monthly payments provided for in Section 3(D) of this plan shall be the Adequate Protection payments required by 11 USC 1326(a). | Chapter 13 Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section of 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.    **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| Schewels Furniture | 1 Bedroom Suite, 1 Sofa | $200.00 | 5.00% | $20.45/mo for 10 months |
| Schewels Furniture | 1 Mattress | $150.00 | 5.00% | $19.10/mo for 8 months |
| Schewels Furniture | 1 Sofa | $35.00 | 5.00% | $35.15/mo for 1 month |
| Roanoke Postal Employee Federal Credit Union | 2004 Cadillac, 2007 Chevrolet Aveo, 2008 BMW | $240.00 | 5.00% | $20.55/mo for 12 months |
| Roanoke Postal Employee Federal Credit Union | 2004 Cadillac, 2007 Chevrolet Aveo, 2008 BMW | $940.00 | 5.00% | $80.47/mo for 12 months |
| Roanoke Postal Employee Federal Credit Union | 2004 Cadillac, 2007 Chevrolet Aveo, 2008 BMW | $1,323.00 | 5.00% | $58.04/mo for 24 months |

**E.     Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.     Unsecured Claims.**

**A.     Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately     **100.00%** . The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately     **0.00%**

**B.     Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| Dept of Education/Sallie Mae $24,545.00 | Student Loan | Debtor to pay directly, not the Chapter 13 Trustee. |
| Dept of Education/NELN $12,298.00 | Student Loan | Debtor to pay directly, not the Chapter 13 Trustee. |
| Dept of Education/NELN $11,000.00 | Student Loan | Debtor to pay directly, not the Chapter 13 Trustee. |
| Dept of Education/NELN $6,438.00 | Student Loan | Debtor to pay directly, not the Chapter 13 Trustee. |

**5.     Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

**A.     Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**
The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Roanoke Postal  FCU | 2008 BMW | $657.00 | none | 0.00% | n/a | n/a |
| Roanoke Postal  FCU | 2004 Cadillac Escalade | $758.00 | none | 0.00% | n/a | n/a |
| Roanoke Postal  FCU | 2007 Chevrolet Aveo | $224.00 | none | 0.00% | n/a | n/a |

**B.     Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Monthly Payment on Arrearage & Est. Term |
|---|---|---|---|---|---|
| n/a | | | | | |
| | | | | | |
| | | | | | |

C.    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| n/a | | | | |
| | | | | |
| | | | | |

6.    **Unexpired Leases and Executory Contracts.  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.**

A.    **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|
| n/a | |
| | |
| | |

B.    **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| Lynchburg Rental | Lease | N/A | N/A | N/A |
| | | | | |
| | | | | |

7.    **Liens Which Debtor(s) Seek to Avoid.**

A.    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|
| n/a | | | | |
| | | | | |
| | | | | |

**B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| n/a | | | |
| | | | |
| | | | |

**8.** **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive any payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.** **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

**11.** **Other provisions of this Plan.**

    **A.** **Additional Adequate Protection**

Adequate Protection also consists of the following in this case:

        [x] The Debtor's payment required by Paragraph 1 shall be made to the Trustee by wage deduction

        [x] Insurance will be maintained on all vehicles securing claims to be paid by the Trustee pursuant to Paragraphs 3A and 3B

    **B.** **Date Debtor(s) to Resume Regular Direct Payments to Creditors that are being Paid Arrearages by the Trustee under Paragraphs 5A and 6B**

| Creditor | Month Debtor to Resume Regular Direct Payments |
|---|---|
| n/a | |
| | |
| | |
| | |
| | |
| | |

    **C.** **Other: The Debtor surrenders the collateral referenced in Section 3B of this plan. Any deficiency claim asserted after the disposition of the collateral must be filed within 180 days of the date of confirmation of the plan and must include documentation to support the determination of the deficiency, including the date and manner of sale of the collateral, the purchase price obtained for the collateral, and an itemization of all expenses asserted by the creditor.**

Signatures:

Dated: _____ **12/10/2010** _____

**/s/ Clarence Thomas Jefferson Jr.**                    **/s/ Heidi Shafer**
**Debtor**                                                **Debtor's Attorney**

**/s/ Barbara Ann Jefferson**
**Joint Debtor**

Exhibits:     **Copy of Debtor(s)' Budget (Schedules I and J);**
              **Matrix of Parties Served with plan**

Certificate of Service

I certify that on 12/30/10, I mailed a copy of the foregoing to the creditors and parties in interest on the attached
Service List.

/s/ Heidi Shafer

David Cox, David Wright, Janice Hansen & Heidi Shafer
900 Lakeside Drive, Lynchburg, VA 24501
434-845-2600, 434-845-0727 fax
ecf@coxlawgroup.com

B6I (Official Form 6I) (12/07)

In re **Clarence Thomas Jefferson, Jr**　　　　　　　　　　　Case No. _____
**Barbara Ann Jefferson**　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | | |
|---|---|---|---|---|---|
| **Married** | Relationship(s): Daughter | Age(s): 21 | | Relationship(s): | Age(s): |
| | Son | 19 | | | |
| | Daughter | 15 | | | |
| | Daughter | 13 | | | |

| **Employment:** | Debtor | Spouse |
|---|---|---|
| Occupation | Manager | RN Administrative Coordinator |
| Name of Employer | United States Postal Service | UVA Medical Center |
| How Long Employed | 21 Years | 19 Years |
| Address of Employer | Eagan Accounting Service Center | Lynchburg Nephrology Dialysis |
| | 2825 Lone Oak Parkway | 1222 Jefferson Park Ave |
| | Eagan, MN 55121-9611 | Charlottesville, VA 22908 |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | **DEBTOR** | **SPOUSE** |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $5,575.44 | $5,743.12 |
| 2. | Estimate monthly overtime | $0.00 | $0.00 |
| 3. | SUBTOTAL | $5,575.44 | $5,743.12 |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes (includes social security tax if b. is zero) | $494.06 | $1,860.26 |
| | b. Social Security Tax | $319.54 | $0.00 |
| | c. Medicare | $74.73 | $0.00 |
| | d. Insurance | $495.99 | $69.57 |
| | e. Union dues | $0.00 | $0.00 |
| | f. Retirement　　401(k) Contribution | $44.68 | $0.00 |
| | g. Other (Specify)　TSP | $352.02 | $0.00 |
| | h. Other (Specify) _____ | $0.00 | $0.00 |
| | i. Other (Specify) _____ | $0.00 | $0.00 |
| | j. Other (Specify) _____ | $0.00 | $0.00 |
| | k. Other (Specify) _____ | $0.00 | $0.00 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $1,781.02 | $1,929.83 |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $3,794.42 | $3,813.29 |
| 7. | Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | $0.00 |
| 8. | Income from real property | $0.00 | $0.00 |
| 9. | Interest and dividends | $0.00 | $0.00 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11. | Social security or government assistance (Specify): | | |
| | | $0.00 | $0.00 |
| 12. | Pension or retirement income | $0.00 | $0.00 |
| 13. | Other monthly income (Specify): | | |
| | a._____ / onus average over 12 months | $0.00 | $212.36 |
| | b._____ | $0.00 | $0.00 |
| | c._____ | $0.00 | $0.00 |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $0.00 | $212.36 |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $3,794.42 | $4,025.65 |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $7,820.07 | |

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

B6J (Official Form 6J) (12/07)

IN RE:  **Clarence Thomas Jefferson, Jr**                          Case No. _____
         **Barbara Ann Jefferson**                                              (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $1,700.00 |
|    a. Are real estate taxes included?  ☐ Yes  ☑ No | |
|    b. Is property insurance included?  ☐ Yes  ☑ No | |
| 2. Utilities:  a. Electricity and heating fuel | $300.00 |
|           b. Water and sewer | |
|           c. Telephone | $130.00 |
|           d. Other:  Cell Phone(s) | $195.00 |
| 3. Home maintenance (repairs and upkeep) | $50.00 |
| 4. Food | $800.00 |
| 5. Clothing | $200.00 |
| 6. Laundry and dry cleaning | $100.00 |
| 7. Medical and dental expenses | $100.00 |
| 8. Transportation (not including car payments) | $500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $75.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|           a. Homeowner's or renter's | |
|           b. Life | $70.00 |
|           c. Health | |
|           d. Auto | $355.00 |
|           e. Other: | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|           a. Auto:    2004 Cadillac Escalade | $758.00 |
|           b. Other:  2008 BMW | $657.00 |
|           c. Other:  2007 Chevrolet Aveo | $224.00 |
|           d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other: See attached personal expenses | $541.00 |
| 17.b. Other: | |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$6,755.00** |

| | |
|---|---|
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **Note: Wife drives to Charlottesville three to four times a month.** | |

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $7,820.07 |
| b. Average monthly expenses from Line 18 above | $6,755.00 |
| c. Monthly net income (a. minus b.) | $1,065.07 |

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

IN RE:  Clarence Thomas Jefferson, Jr                    CASE NO
Barbara Ann Jefferson

CHAPTER    13

## EXHIBIT TO SCHEDULE J

## Itemized Personal Expenses

| Expense | Amount |
|---|---|
| Cable/Satellite | $109.00 |
| Prescriptions | $100.00 |
| Personal Property Taxes | $132.00 |
| Haircare & Grooming | $150.00 |
| Pet Care & Food | $50.00 |
| Total > | $541.00 |

Debtor(s): Clarence Thomas Jefferson, Jr
Barbara Ann Jefferson

Case No:
Chapter: 13

WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

Acs/dept Of Ed
501 Bleecker St
Utica, NY 13501

Dept Of Ed/sallie Mae
Po Box 9635
Wilkes Barre, PA 18773

Internal Revenue Service***
P O Box 21126
Philadelphia, PA 19114-0000

Capital One, N.a.
Bankruptcy Dept
PO Box 5155
Norcross, GA 30091

Dept Of Education/neln
121 S 13th St
Lincoln, NE 68508

Linda Kormylo, Insolvency Manag
IRS 400 North 8th Street
Box 76 Room 898
Richmond, VA 23219-0000

CFI Resorts Management
2801 Winter Garden Road
Ocoee, FL 34761

Dr. Keith Austin
3718 Old Forest Road
Lynchburg, VA 24501

Litton Loan Servicing
4828 Loop Central Dr
Houston, TX 77081

Chela
Attn: Bankruptcy
PO Box 9500
Wilkes-Barre, PA 18773

Dr. Micheal Parker
3615 Old Forest Road
Lynchburg, VA 24501

Litton Loan Servicing LP
Attn Bankruptcy
4828 Loop Central Drive
Houston, TX 77081

Childrens Healthcare of Atlanta
PO Box 116210
Atlanta, GA 30368

Gemb/belk
Po Box 981491
El Paso, TX 79998

Lowes / MBGA
Attention:  Bankruptcy Departme:
PO Box 103104
Roswell, GA 30076

Citi Mortgage
Reg. Agent Dickson A Kalu
6936 Little River TPK 2nd Flr
Annandale, VA 22003

Gemb/care Credit
950 Forrer Blvd
Kettering, OH 45420

Lynchburg Rental, LLC
c/o Brent Gallier
PO Box 351
Forest, VA 24551

Citibank Usa
Attn.: Centralized  Bankruptcy
PO Box 20363
Kansas City, MO 64195

Gemb/gap
Po Box 981400
El Paso, TX 79998

Orthopaedic Center of Central V.
PO Box 63216
Charlotte, NC 28263

Citifinancial
PO Box 6931
The Lakes, NV 88901

Gemb/jcp
Attention:  Bankruptcy
PO Box 103104
Roswell, GA 30076

Roanoke Postal Employee Federal
Credit Union
Larry Boothe, Manager
PO Box 12405
Roanoke, VA 24025

Citifinancial
3700 Candlers Mountain RD #5
Lynchburg, VA 24502-0000

Hsbc Bank
Po Box 5253
Carol Stream, IL 60197

Roanoke Postal Employees Fcu
PO Box 12405
Roanoke, VA 24025-2405

Consensus Real Estate Services,
PO Box 146
Lynchburg, VA 24505

Hsbc/rs
Attn: Bankruptcy
PO Box 5263
Carol Stream, IL 60197

Sams Club
Attention:  Bankruptcy Departme:
PO Box 105968
Atlanta, GA 30353

Schewel Furn
7007 Timberlake Rd
Lynchburg, VA 24505


Schewel Furniture Co., Inc.
Reg. Agent Donna S. Clark
1031 Main Street
PO Box 6120
Lynchburg, VA 24505

Target National Bank
c/o Target Credit Services
PO Box 1581
Minneapolis MN  55440-151


Timothy Heaphy, U.S. Attorney
Western District of Virginia
PO Box 1709
Roanoke, VA 24008-1709


Tnb-visa
PO Box 560284
Dallas, TX 75356


Va Department Of Taxation*
Bankruptcy Unit
P O Box 2156
Richmond, VA 23218-0000


Westgate Resort
10000 Turkey Lake Road
Orlando, FL 32819


Westgate Resorts, LLC
Reg. Agent: Micheal E Marder
5601 Winhover Drive
Orlando, FL 32819